## THE LAUREL.

(District Court, D. Washington, N. D. February 3, 1902.)

1. VESSELS—NAVIGATION—MARITIME CONTRACT.

An agreement by which one of the parties undertakes the responsibility of navigating a vessel on the ocean and bringing her back to her home port for a stipulated compensation is essentially a maritime contract.

2. SAME—CONTRACT TO EMPLOY MASTER—BREACH—DAMAGES—LIEN.

Where, after plaintiff had contracted to take charge of a vessel as master, but before he commenced performance, the owner refused him such employment, plaintiff has no lien on the vessel to secure his damages for such breach of contract, either under the maritime law,

which gives no lien to a master for his wages, or under 2 Ballinger's Ann. Codes & St. Wash. § 5953, which gives a lien only for services rendered on board, and for nonperformance or malperformance of a contract for the transportation of passengers or property.

In Admiralty.

Libel to recover damages for breach of a contract by which the libelant was engaged to serve as master of the schooner Laurel on a fishing voyage, the allegations being that a contract was fully agreed to, and that, after the libelant had entered upon the performance thereof, it was, without his consent, repudiated by the owner of the vessel; that by his engagement he missed opportunities of going as master of other fishing vessels, and has been deprived of employment in his profession during the fishing season of the year 1900. Heard on exceptions to the libel alleging that the contract is not a maritime contract.

James M. Epler, for libelant.
Preston & Bell, for claimant.

HANFORD, District Judge. The ground alleged for the exceptions is not well chosen. An agreement by which one of the parties undertakes the responsibility of navigating a vessel on the ocean and bringing her back to her home port for a stipulated compensation is essentially a maritime contract,—that is to say, it contains all the essential elements of a maritime contract,—and no good reason has ever been given for excepting it from the class of contracts which in law are denominated maritime contracts. I am bound to decide, however, that a suit in rem for the cause stated in the libel cannot be maintained, for the reason that the law does not entitle the libelant to a lien upon the vessel. It is settled by the determinations of the courts in this country that the general maritime law does not subject a ship to a lien for the wages of her master. 19 Am. & Eng. Enc. Law (2d Ed.) 1116. As a lien does not attach for wages earned, a fortiori there can be none for an unliquidated claim for damages against the employer for breaking a contract to hire. The statutes of this state make all boats and vessels liable "for services rendered on board," without any exception, and in my opinion entitle a master as well as mariners subordinate to him to a lien for wages earned by services actually rendered; but the rule of strict construction applies, and the courts have no right to extend the law so as to confer a lien for damages claimed for breach of an unperformed contract. The same section of the Code gives a lien upon a vessel for nonperformance or malperformance of a contract for the transportation of passengers or property. 2 Ballinger's Ann. Codes & St. Wash. § 5953. These provisions clearly indicate the limitations of the statute. In one case a lien is given "for services rendered." This excludes demands based upon any other ground than services rendered. The other gives a lien for nonperformance of a contract for transportation of passengers or property, and this excludes every other kind of contract from consideration.

For the reasons above stated, I direct that a decree be entered dismissing the case, and awarding costs to the claimant against the libelant and the sureties upon his stipulation.